Judge Robertson,
delivered the opinion of the Court.
Benjamin P. Campbell, holding, as assignee, a survey in the name of Combs, for thirty acres of land in Christian county, executed his Bond with Porter and another as his securities; binding him, for the consideration of $50, to make a general warranty deed therefor, to the appellee. Afterwards, being a partner of F. C. Sharp; in the appropriation of vacant land, Campbell procured a survey to be made on the same thirty acres, in the name of Sharp, but for his own benefit, and sold it to the appellant for $69, who obtained a patent for it id big own name, before the patent on Combs’ survey, (which was procured by the appellee,) issued in the name of Combs.
The appellant purchased.with full knowledge of the equity of the appellee. This is proved by the depositions of Sharp and Reynolds, and also, by the fact that he was a subscribing witness to the bond from Campbell to the appellee.
Campbell having refused to convey to the appellee, this, suit in chancery was brought to compel the appellant to release. Campbell, his security Porter, and the appellant were made defendants.
The bill, charging the foregoing fads, and a fraudulent combination between the appellant and Campbell, is taken for confessed against the latter; no notice is taken of Porter after service of subprna on him;
Johnson’s answer.
Decree of (he circuit court.
.in a suit against the holder of legal title, acquired with notice of the prior equity of cempl’nt. not necessary that compl’nt should prove payment of the consideration, when his vendor is silent.
Not error, in a decree for title to land, to appoint commissioners to make conveyance, in vacation, upon failure of him against whom decree is rendered, otherwise, when the decree is for a deed upon failure to pay money.
*322 The appellant answers, and intimates that the ftp* pellee had given nothing to Campbell for his bond; denies fraud, seems to admit notice of the appellee’s bond, but attempts to evade its effect, by averring that Campbell assured him that the appellee had no equity.
The circuit court decreed, at its April term, 1827, that Campbell and Johnson should convey the thirty acres of land, to the appellee, by deed of special warranty, on or before the 20th day of May succeeding; and that on their failure to do so, a commissioner, appointed by the decree for that purpose, should make' the deed.
We perceive fio- error in this decree, of which the appellant has any just right to complain. The appealed certainly established a clear, equitable right against the appellant.
It was not necessary to prove the payment to Campbell. Whether the payment had been made or not* was immaterial to the appellant. Campbell did not complain. By not answering, he admitted the allegations of the bill, one of which was, that the $50 had been paid to him. If Johnson could require proof of the payment, Campbell might, by admitting it in an answer, have furnished that proof. For although it is a general maxim, that the answer of one defendant is no evidence against another, such a case as the one supposed, is an exception. But the bond acknowledges the payment of the consideration. This is prima facie evidence of the fact, and is, in this case, sufficient for Johnson. Mitchell, &c. vs. Maupin, 3 Monroe, 188.
The bill being taken for confessed against Campbell,would alone be sufficient evidence of payment of the consideration. Fraily vs. Langford, 1 Mar. 363.
It was not necessary to make Porter a party. The objcctof the bill was to obtain the title from Johnson. Porter was only security for Campbell, and therefore, not a necessary party. 2 Bibb, 273; consequently there was no error in decreeing without any notice taken of him.
Nor was it erroneous to appoint a commissioner to convey before the term succeeding that at which the decree was rendered. The appellant could not be *323 prejudiced by a conveyance by the commissioner, because his deed would have no more effect than that of the appellant, which the court had made it his duty to make, by its decree. This is not like a decree for a deed by a commissioner, on failure to pay money. In the latter case, the defendant in the suit may be seriously injured by such decree. He may have paid the money or tendered it, before the execution of the deed by the commissioner; notwithstanding which, the deed might be operative and vest the right in the purchaser. ft would be wrong, therefore, to constitute the commissioner a judge between the parties, of the fact of payment or the effect of a tender, Besides, the money should be paid in court. Not so in this case. Hence the decree for this last cause, is not erroneous. 1 Marshall, 438; Ib. 368.
These being the only errors assigned, or which could be assigned, the decree of the circuit courtis affirmed.